23226

In the Matter of William Wharton WATKINS, Sr. Respondent.

(392 S.E. (2d) 786)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Wilburn Brewer, Jr.,* Columbia, *for respondent.*

Submitted April 19, 1990.

Decided June 4, 1990.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to disbarment. We accept respondent's admission and disbar him. The facts surrounding these matters are as follows:

In June 1987, while a shareholder in the law firm of Turner, Padget, Graham and Laney (Turner, Padget),[1] respondent received a $4,000 fee which should have been deposited in the firm's bank account. Respondent deposited these funds into his personal account and diverted them to his own use. In October, 1988, respondent received two fee checks totaling $12,866.96, which were made payable to Turner, Padget. Respondent endorsed these checks with the firm name, deposited the checks into his personal account, and diverted them to his own use.

In June, 1989, respondent received a $17,500 check in satisfaction of a judgment obtained on behalf of CIGNA Insurance Company (CIGNA). While a portion of these funds represented the attorney fee, the check was made payable to CIGNA. Respondent endorsed the check in the name of CIGNA, deposited the check into his personal account, and diverted the funds to his own use.

In August, 1989, respondent received a $35,000 settlement obtained on behalf of CIGNA. The check was made payable to CIGNA. Respondent endorsed this check in the name of CIGNA, deposited the check into his personal account, and diverted the money to his own use for a period of two weeks,

---

[1] Respondent's employment with Turner, Padget ended in September, 1989, after which both respondent and Turner, Padget reported respondent's ethical violations to the Board of Commissioners on Grievance and Discipline.

after which he submitted the funds to CIGNA.

During various periods in late 1988 and 1989, respondent billed CIGNA a total of $1127.02 for mileage and expenses for which he has been unable to account. In 1989, respondent advanced himself $2,582.48 from Turner, Padget's funds for alleged entertainment expenses for which he has been unable to account. A portion of these funds were diverted to respondent's own use.[2]

Respondent has misappropriated firm funds and client funds for his own use in violation of DR 1-102(A)(4); engaged in conduct prejudicial to the administration of justice in violation of DR 1-102(A)(5); failed to preserve the identity of client funds in violation of DR 9-102(A); failed to promptly notify a client of receipt of client funds in violation of DR 9-102(B)(1); failed to render appropriate accounts to a client regarding funds received on behalf of the client in violation of DR 9-102(B)(3); and failed to promptly pay to a client funds which the client is entitled to receive in violation of DR 9-102(B)(4). In our opinion, this conduct warrants respondent's disbarment.

It is therefore ordered that respondent be disbarred from the practice of law in this State. Respondent shall file an affidavit with the Clerk, within 15 days of service of this opinion, showing he has fully complied with the provisions of Paragraph 30 of the Rule on Disciplinary Procedure.

Disbarred.

---

[2] Since then, respondent has made full restitution to Turner, Padget and to CIGNA.